UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JASON B. RISCH,

    Plaintiff,

v.                                                      Case No. 3:23cv8077-MCR-HTC

MARTIN O'MALLEY,
Commissioner of Social Security,

    Defendant.
_____/

## ORDER

On February 14, 2024, the Magistrate Judge entered a Report and Recommendation ("R&R"), recommending affirmance of the Commissioner's denial of Plaintiff Jason B. Risch's application for Disability Insurance Benefits. ECF No. 19. The parties have been furnished a copy of the R&R and afforded an opportunity to file objections pursuant to Title 28, United States Code, Section 636(b)(1). The undersigned has made a *de novo* determination of all timely filed objections, and concludes that the R&R should be adopted.

The undersigned finds it appropriate to briefly address some of Risch's objections. He first argues that the restrictions in the hypothetical posed to the Vocational Expert ("VE") were inconsistent with the ALJ's RFC finding. The hypothetical was worded slightly different from the RFC finding, as both the

Commissioner and the Magistrate Judge acknowledged. The hypothetical posited an individual who, in relevant part, could "tolerate occasional superficial interaction with coworkers and supervisors, p*referably in small groups or something in isolation,*" T at 69 (emphasis added), whereas the ALJ's RFC finding stated Risch could "tolerate occasional superficial interaction with coworkers and supervisors, *preferably in semi-isolation*," T. 24-25 (emphasis added). Risch contends that "semi-isolation" is narrower than "small groups or something in isolation" and also ambiguous because the terms are undefined. He argues that the ALJ's failure to use clear and unambiguous language justifies remand for reconsideration. The undersigned disagrees. As carefully discussed by the Magistrate Judge, the ALJ's decision taken as a whole shows that he considered the term "semi-isolation" to be synonymous with work in "small groups" and *also* restricted by the limitation of "occasional and superficial contact with coworkers and supervisors." Because the hypothetical question posed to the VE taken in full context included these social restrictions as well, the difference between "small group" and "semi-isolation" is not material.

The Magistrate Judge also noted that the Dictionary of Occupational Titles indicates that the job of final assembler, which is the only category of job Risch was found capable of performing, "reflects the lowest possible level of human interaction that exists in the labor force." *See* ECF No. 19 at 7 (R&R) (quoting *Allen v. Kijakazi,*

2023 WL 2329794, at 11 n.11 (M.D.N.C. Mar. 2, 2023)). Risch finds this problematic because there is no indication in the record that the position could be performed in complete isolation. But the there was no finding that he had to perform a job in complete isolation, and it is clear from the record that he was not so limited. There also is no internal inconsistency in stating that an individual might be limited to "preferably small groups or something in isolation," as stated in the hypothetical. Risch's additional vagueness argument that "superficial" is not defined in the Dictionary of Occupational Titles and that semi-isolation is unclear similarly fail to persuade based on the force of the plain language and context. Risch cites no authority for his positions. The arguments are adequately addressed by the Magistrate Judge's reasoning and conclusion that there is no internal inconsistency or impermissible ambiguity and that Risch's arguments lack legal and factual support, which the undersigned adopts.

Risch also argues that the ALJ should have found his anxiety disorder "severe" and that the ALJ failed to expressly consider whether he met the listing, 12.06, for anxiety and compulsive disorders. The Magistrate Judge acknowledged that the ALJ failed to identify anxiety as a severe impairment or specifically address this listing but explained that, because the anxiety listing includes the same criteria of paragraph B and C, which the ALJ considered and rejected under listings 12.04, depressive disorders, and 12.15, trauma and stressor-related disorders, there is no

reversible error. Also, the Magistrate Judge noted that Risch has not identified substantial evidence in the record from which to conclude that his anxiety was a severe impairment. The undersigned agrees.

Moreover, as the Magistrate Judge determined, and the undersigned having reviewed the record *de novo* agrees, the ALJ's decision shows he reviewed the evidence related to Risch's anxiety, including testimony, treatment records, and the consultative examination report, and discussed the impact of stress and also accounted for it in the RFC assessment. *See* ECF No. 19 at 20–21 (R&R, citing the transcript references). Risch relies on *Schink v. Comm'r of Soc. Sec.*, 935 F.3d 1245, 1268–69 (11th Cir. 2019), to argue that the ALJ commits reversible error by providing no assessment of the claimant's mental impairments. But in *Schink*, the ALJ provided *no analysis or findings* about the claimant's mental capacities. *See id.* at 1269. That clearly not the situation here, as fully discussed in the R&R.

Having reviewed and rejected these, and all additional objections made, the undersigned agrees with the Magistrate Judge's analysis and finds on *de novo* review that the ALJ's determination is "supported by substantial evidence." *Biestek v. Berryhill*, 587 U.S. 97, 99 (2019); *Buckwalter v. Acting Comm'r of Soc. Sec.*, 5 F.4th 1315, 1320 (11th Cir. 2021).

Accordingly:

1.  The Magistrate Judge's Report and Recommendation (ECF No. 19) is adopted and incorporated by reference in this Order, and all objections are overruled.

2.  The decision of the Commissioner denying Risch's application for Disability Insurance Benefits is **AFFIRMED**.

3.  The Clerk is directed to enter judgment in favor of the Commissioner and close the file.

**DONE AND ORDERED** this 5th day of June 2024.

*M. Casey Rodgers*
_____
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**